MICHAEL BRODERICK v. ST. PAUL CITY RAILWAY COMPANY.

November 10, 1898.

Nos. 11,309—(52).

**Street Railway—Injury to Servant from Decayed Pole—Master not Liable.**

Rule applied that a servant cannot recover damages for an injury caused by the defect which he was employed to repair.

Action in the district court for Ramsey county to recover $1,000 for personal injuries. The cause was tried before O. B. Lewis, J., and a jury, and a verdict for $1,000 was returned in favor of plaintiff. From an order denying defendant's motion for judgment in its favor notwithstanding the verdict, and denying its motion for a new trial, defendant appealed. Reversed.

*Munn & Thygeson,* for appellant.

Respondent was employed to repair and replace the wooden poles, and he therefore assumed the risks incident to defects. Dartmouth v. Achard, 84 Ga. 14; Kelley v. Chicago, St. P., M. & O. Ry. Co., 35 Minn. 490; Fraker v. St. Paul, M. & M. Ry. Co., 32 Minn. 54; Finalyson v. Utica M. & M. Co., 67 Fed. 507; Vaughn v. California, 83 Cal. 18; Arnold v. Delaware, 125 N. Y. 15; Carlson v. Oregon, 21 Ore. 450; McKinney, Fellow Serv. § 26; Murphy v. Boston, 88 N. Y. 146; Armour v. Hahn, 111 U. S. 313; Gulf, C. & S. F. Ry. Co. v. Jackson, 65 Fed. 48; 1 Shearman & R. Neg. § 185.

*C. D. & Thos. D. O'Brien,* for respondent.

Plaintiff did not ascend the pole for the purpose of repairing it, or for the purpose of lowering it. He was instructed to use these poles as an instrumentality for raising a great weight from the ground. The master therefore represented to the servant that the instrumentality, the pole, was sufficient to sustain the weight of the iron pole. The case is therefore not one which comes within the rule that, where a servant is employed to make repairs upon defective machinery and is injured by reason of such defect, he cannot recover. Carlson v. Oregon, 21 Ore. 450; Murphy v. Boston, 88 N. Y. 146; Soutar v. Minneapolis I. E. Co., 68 Minn. 18; Kelly v. Eric T. & T. Co., 34 Minn. 321.

CANTY, J.

Defendant owned and operated an electric street railway in the city of St. Paul. The trolley wires were held up by wooden poles set in the ground along each side of the street. Each pair of poles was set so that one pole was directly opposite the other, and a wire suspended across the street from the top of one pole to the top of the other held up the trolley wires. The poles carried also the feed wires. Many of these wooden poles had become rotten, and defendant proceeded to replace them in part with iron poles. Plaintiff, while employed by defendant in this work, was injured, and brought this action to recover damages for the injury, claiming that it was caused by defendant's negligence. He had a verdict, and from an order denying a new trial defendant appeals.

The wooden poles extended along between the sidewalk and the roadway, and plaintiff and his fellow servants were engaged in replacing every second pole with an iron one. The hole for the iron pole was dug in the ground close to the wooden pole, and then a block and tackle were fastened to the top of the wooden pole, and the iron pole drawn up with the block and tackle by a team of horses. Plaintiff placed a ladder against one of the wooden poles, resting the foot of the ladder on the sidewalk, and climbed up the ladder with the block and tackle on his shoulder, when the pole broke off at the ground, and leaned over as far as the feed wires attached to it would permit, and plaintiff jumped off the ladder,

fell to the ground, and was injured as aforesaid. The pole broke by reason of its rotten condition.

We are of the opinion that this is a case where the servant is injured by reason of the very defect which he was employed to repair. It required no superior skill to inspect the pole, and discover the defect. The plaintiff was as well able to discover the danger, and protect himself from it, as was the foreman or the defendant to discover it, and protect plaintiff from it. In our opinion, the old wooden pole was not, as plaintiff's counsel contends, an instrumentality furnished by the master for the purpose of raising the iron pole, and of such a character that the master was liable for failure to repair that instrumentality. We are therefore of the opinion that plaintiff is not entitled to recover.

As a general rule, a servant cannot recover for injury caused by the very defect which he was employed to repair. Kelley v. Chicago, St. P., M. & O. Ry Co., 35 Minn. 490, 29 N. W. 173; Fraker v. St. Paul, M. & M. Ry. Co., 32 Minn. 54, 19 N. W. 349. We see nothing in this case to make it an exception to that rule. In the case of Kelly v. Erie T. & T. Co., 34 Minn. 321, 25 N. W. 706, the telegraph pole was used as a permanent instrumentality, and the rule applied that it is the duty of the master to use reasonable care to furnish safe appliances for his servants.

The order appealed from is reversed, and a judgment is ordered for defendant under the statute.