ALBERT D. SAXTON v. NORTHWESTERN TELEPHONE EXCHANGE COMPANY.[1]

November 12, 1900.

Nos. 12,397—(79).

**Personal Injury—Assumption of Risk.**
> Broderick v. St. Paul City Ry. Co., 74 Minn. 163, followed, to the effect that a servant cannot recover damages for an injury caused by a defect he was employed to repair.

[1] Reported in 84 N. W. 109.

Action in the district court for Ramsey county to recover $5,000 damages for personal injuries. The case was tried before Otis, J., and a jury, which rendered a verdict in favor of plaintiff for $4,500. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

*Humphrey Barton, John E. Samuelson* and *Percy D. Godfrey,* for appellant.

*Munn & Thygeson,* for respondent.

BROWN, J.

Action to recover for personal injuries. Plaintiff had a verdict in the court below, which was set aside by the court, and judgment ordered for defendant, notwithstanding the same, and plaintiff appeals.

The facts are very clearly stated by the learned trial judge in his order granting the motion for judgment substantially as follows: Plaintiff was a lineman in the construction and repair department of defendant company, and at the time of his injuries was engaged in taking down old and decayed telephone poles, and replacing them with new ones. He was injured by the falling of a pole, which he had climbed for the purpose of detaching and removing the wire thereon, preparatory to taking the pole down. The pole was rotten and defective at the bottom, and broke, thereby precipitating plaintiff to the ground. Plaintiff was engaged in this work with other employees, and understood that the poles were being taken down because they were defective and unsuitable for defendant's purposes. Such are the substantive facts as disclosed by a full and fair view of the record. Other matters claimed by counsel for plaintiff to be shown by the evidence do not change or modify them in point of substance or controlling effect. The case cannot be distinguished from Broderick v. St. Paul City Ry. Co.; 74 Minn. 163, 77 N. W. 28. The cases are on "all fours" with each other in all material respects, and the decision there must control.

The pleadings and evidence do not bear out counsel's claim that plaintiff understood that the poles were being removed at the instance of the city, and for its use; and, although it appears that the poles were originally erected by the city, it clearly appears that the

city had long prior to the date of the accident abandoned them to defendant.

The fact that the foreman of the work knew that this particular pole was defective, and failed to inform plaintiff thereof, is not important. Plaintiff knew and well understood that the poles were being taken down because of their defective condition, and the burden to ascertain the nature of the defects and the dangers incident to the work was assumed by him. Kelley v. Chicago, St. P., M. & O. Ry. Co., 35 Minn. 490, 29 N. W. 173.

Judgment and order affirmed.