## CITY OF TEAGUE v. RADFORD.

### No. 1078.

Court of Civil Appeals of Texas. Waco.

Dec. 4, 1931.

Rehearing Denied Jan. 21, 1932.

Crate Dalton, of Dallas, and Lex Smith and A. B. Geppert, both of Teague, for appellant.

C. H. Machen, of Mexia, and L. W. Shepperd, of Groesbeck, for appellee.

BARCUS, J.

This suit was instituted by appellee against appellant to recover damages suffered by him as the result of the explosion of an air compresser which appellee was operating for appellant in connection with its waterworks system. Appellee alleged that he was employed by appellant as superintendent of its waterworks department, and that it was his duty to look after, operate, and keep in running order the machinery used by appellant in the operation of its waterworks plant, that he was under the direct supervision and control of the city manager, and that it was his duty to operate said water plant as directed by said city manager. He alleged that, while engaged in his duties in repairing and operating the air compresser used in connection with said water system, it exploded and wrecked the building in which same was located, as well as the machinery, and seriously injured him. Appellee alleged that appellant was guilty of negligence (a) in that it furnished him a defective air compresser with which to work; (b) in that appellant failed to furnish him a reasonably safe place in which to work by reason of the building being improperly constructed; (c) in that appellant's agents, servants, and employees under whom he was working instructed him to use an excessive quantity of lubricating oil in the operation of the air compresser; (d) in that appellant, through its agents, servants, and employees under whom he was working, instructed him to oil the valves of the air compresser which caused same to ex-

plode; (e) in that appellant furnished him with a kind and quality of lubricating oil to use that was unsuitable for use with the particular air compresser, and that said oil caused the air compresser to explode.

Appellee alleged that each of the above acts of negligence was the proximate cause of the injury.

In response to special issues submitted, the jury found that appellant was guilty of negligence in each of the acts above set forth, and that each of said acts of negligence was the proximate cause of the injury. The jury further found that appellee was damaged in the sum of $5,400, for which amount the trial court entered judgment.

■ Appellant presents ten general assignments. By several of them it contends the trial court erroneously overruled its general demurrer and its motion for a peremptory instruction and in entering a judgment for appellee under the pleadings and evidence, on the general theory that, since appellee alleged he was the general superintendent of the waterworks and that it was his duty to operate, keep in running order and repair the machinery, he could not as a matter of law recover by reason of the injury he received as a result of the explosion of the air compresser. We overrule these assignments. While appellee alleged it was his duty to perform said services, he alleged that he was doing it under the specific direction and control of the city manager. He further specifically alleged that the explosion was caused by a defective air compresser and by reason of the inferior quality and grade of lubricating oil which was furnished him by appellant to use on said air compresser.

■ Appellant further contends that appellee was as a matter of law guilty of contributory negligence, and that he did as a matter of law assume the risk, in that it was appellee's duty to look after and keep the air compresser in repair, and he knew as much about the air compresser as any one else connected with appellant. In answer to special issues submitted by the court, to which appellant made no objection, the jury found that appellee was not guilty of contributory negligence, and that he did not assume the risk. We think the evidence supports these findings. The jury further found that appellee did not know, and that he should not have known by reason of his employment as an experienced waterworks superintendent, that the use of an excessive amount of oil might cause the air compresser to explode. The fact that appellee was employed by the city as an experienced man to operate the waterworks department did not relieve it from damages caused by its having negligently furnished a defective air compresser and having

negligently furnished oil of an inferior grade and quality with which to lubricate same. Appellee's witnesses, Hunter and Edmond, each testified that the kind and character of oil that appellant used to lubricate the air compresser was not of the right kind or character, and that same would likely cause it to explode. The lubricating oil was purchased and furnished by Mr. St. Clair, the city manager of appellant. Appellee testified that he did not know that the oil furnished to and used by him could or would likely cause the air compresser to explode. Mr. Hunter testified that he was not sure that he told Mr. St. Clair that the kind and quality of oil being used would likely cause the air compresser to explode, but that he discussed the matter with Mr. St. Clair and appellee on several different occasions. The record shows that the air compresser began giving trouble almost immediately after it was installed, in that the valves would break or stick and carbon would accumulate. The explosion occurred about fifteen months after it was installed. Mr. Hunter, the party who installed the plant, on a number of different occasions, examined it in response to complaints that were made, and discussed the defects and causes thereof with Mr. St. Clair, the city manager, and with appellee. Appellee testified that Mr. Hunter never told him that there was any danger or any likelihood of the air compresser exploding by reason of its defective condition or by reason of the use of the oil that was being used.

■ Appellant further contends that the court erroneously permitted appellee to testify that he followed the instructions given by Mr. Hunter and as to what those instructions were, on the theory that Mr. Hunter was not its authorized agent. We overrule this assignment. The record shows that Mr. Hunter, representing the seller of the air compresser, installed same, and that Mr. St. Clair, the city manager of appellant, instructed appellee to follow and be governed by the instructions of Mr. Hunter in operating same. In addition, without objection, Mr. Hunter testified that he gave appellee the same instructions that appellee testified had been given him, and Mr. St. Clair testified that he gave instructions to appellee to follow Mr. Hunter's instructions relative thereto. We think the evidence was admissible, but, if it was not, the same testimony was given by other witnesses without any objection.

■ Appellant contends that there is no evidence to support the finding of the jury that it did not furnish appellee a safe place to work because the building was defective and that said finding cannot therefore support the judgment of the trial court. Appellant does not attack the finding of the jury on the other issues of negligence for lack of evi-

432

dence to support same. If it be conceded there is no evidence to support the jury's finding on this particular issue, it would not affect the judgment of the trial court. Where several grounds of negligence are submitted to the jury, and it finds each ground of negligence is the proximate cause of the injury, and some of the grounds are not sustained by the evidence, the judgment should nevertheless be entered for plaintiff, if any of the grounds of negligence submitted are sustained by the evidence. Schaff v. Wilson (Tex. Civ. App.) 269 S. W. 140 (error dismissed); Emberlin v. Wichita Falls, R. & Ft. W. Ry. Co. (Tex. Com. App.) 284 S. W. 539; Chicago, R. I. & G. Ry. Co. v. Steele (Tex. Civ. App.) 264 S. W. 503 (error dismissed).

█ Appellant complains of the action of the trial court in failing to submit certain of its defensive pleas. The trial court submitted several defensive pleas of appellant, including that of assumed risk and contributory negligence. Appellant made no request for the court to submit any other defensive issues; neither did it object to the form or substance of the defensive issues as submitted. Our courts uniformly hold that any independent ground for relief or defense is waived by the failure of the party to request its submission to the jury. Stone v. City of Wylie (Tex. Com. App.) 34 S.W.(2d) 842, and authorities there cited.

We have examined each of appellant's assignments of error and propositions thereunder, and same are overruled.

The judgment of the trial court is affirmed.