## STEWART LEONARD v. NORTHERN PACIFIC RAILWAY COMPANY AND ANOTHER.[1]

November 22, 1935.

No. 30,502.

*D. F. Lyons* and *Frederic D. McCarthy,* for appellants.
*Hyman M. Juster,* for respondent.

[1]Reported in 263 N. W. 436.

STONE, JUSTICE.

Action for personal injuries wherein, the verdict going for plaintiff, defendants appeal from the order denying their alternative motion for judgment notwithstanding or a new trial.

Plaintiff was injured August 8, 1934, while employed at the defendant railway company's shops in Brainerd. His right of action is based in law on the state railway employers liability act, L. 1915, c. 187, 1 Mason Minn. St. 1927, § 4933. Defendant Erickson was his foreman at the time of the accident. Plaintiff was 35 years of age. While in school he had finished the eighth grade. He had worked in the Brainerd shops off and on for more than 20 years. His experience included five years' work in sorting "scrap." He was an experienced acetylene torch operator.

When injured he was engaged with a helper in cutting discarded freight car sills into lengths of approximately five feet ten inches preparatory to scrapping the material. The sills measured about 40 feet in length, were 18 inches wide, and 10 inches high. In cross section, they were rectangular, and each weighed about two tons. About five feet from each end was a bolster, a cross member projecting some three feet on each side. Each bolster increased the weight of the sill by its own, which was about 600 pounds. The sills were in piles. At the bottom were two sills placed parallel to each other. On top and at right angles to them was a tier of sills placed as closely together as possible for convenience of piling. Atop the first tier another was placed, in the same way. Others were laid on in similar fashion until the pile attained a height of near seven feet. Plaintiff had been at this same work for 12 days. With his torch he had severed the first section of a sill at the top of a pile. Proceeding to make the second cut, he placed his right knee under the sill on which he was working. The beam happened to be cracked farther along. Relieved of the piece which had been cut off, its weight caused the beam to sag at the crack, and the section under which plaintiff's knee was placed sank downward until his leg was caught, resulting in the injury.

We need not pursue the facts further. There is nothing to relieve us from the unwelcome necessity of holding that, as matter of law,

plaintiff assumed the risk which resulted to his hurt. Plaintiff knew as well as anyone that the sills had been discarded because they were obsolescent or defective. He knew equally well that they had been exposed to the elements for some time. He admitted frankly that in such a pile of scrap he "might find anything." The dangerous crack doubtless was more or less obscured by rust. But the risk was as well known to plaintiff as to any of his superiors. As against such a common danger, so apt to exist in such material, no one could have inspected the job in advance of the work with more knowledge and skill than those of plaintiff himself. No one should have had more knowledge or appreciation of the danger than plaintiff.

In that situation the case is controlled by the rule of such cases as Saxton v. Northwestern Tel. Exch. Co. 81 Minn. 314, 315, 84 N. W. 109. The plaintiff therein was a telephone lineman injured by a pole which he was taking down. He "was engaged in this work with other employes, and understood that the poles were being taken down because they were defective and unsuitable for defendant's purposes." No one had made an inspection to determine whether the pole was dangerous for workmen engaged as was the plaintiff. As matter of law he was denied recovery because he [81 Minn. 316] "knew and well understood that the poles were being taken down because of their defective condition, and the burden to ascertain the nature of the defects and the dangers incident to the work was assumed by him," citing Kelley v. C. St. P. M. & O. Ry. Co. 35 Minn. 490, 29 N. W. 173. See also Englund v. M. St. P. & S. S. M. Ry. Co. 108 Minn. 380, 122 N. W. 454; and Wescott v. Chicago, G. W. R. Co. 157 Minn. 325, 196 N. W. 272. In the Wescott case is a consideration of the distinction between contributory negligence and assumption of risk as defenses.

In this case plaintiff must be held to have known the "defective condition" of the material upon which he was working. Nobody more than he can reasonably be said to have been under duty [81 Minn. 316] "to ascertain the nature of the defects and the dangers incident to the work." Hence there was assumption of the risk. Our state railway employers liability act has been so amended (L.

1935, c. 69) as to eliminate assumption of risk as a defense. Plaintiff is unfortunate in that his accident came before the amendment and so is deprived of its benefit. The order under review must be reversed with directions to order judgment for the defendants notwithstanding the verdict.

So ordered.