## CITY OF TEAGUE v. RADFORD.

### No. 1868.

Court of Civil Appeals of Texas. Waco.

April 8, 1937.

Rehearing Denied May 6, 1937.

Geppert, Geppert, & Victery, of Teague, for appellant.

C. H. Machen, of Dallas, L. W. Shepperd, of Groesbeck, and Harold E. Wood, of Dallas, for appellee.

ALEXANDER, Justice.

This suit was brought by R. G. Radford against the City of Teague, a municipal corporation incorporated under the general laws of the state, to recover damages for personal injuries sustained by him as the result of the explosion of an air compressor. It is a second appeal of the same case. See City of Teague v. Radford (Tex.Civ.App.) 45 S.W.(2d) 430; Id.(Tex. Com.App.) 63 S.W.(2d) 376. The jury returned a verdict on special issues and judgment was entered for plaintiff for the sum of $4,000. The defendant appealed.

Radford was an expert waterworks superintendent, and as such had been in complete charge of the city's water plant, including the operation and repair of the machinery used in connection therewith, for approximately ten years. About fifteen months prior to the time plaintiff was injured, the city purchased the air compressor in question and caused the same to be installed as a part of the waterworks system. The plaintiff alleged that the air compressor was defective in that the valves thereof would hang or stick and refuse to work. The evidence showed without dispute that the air compressor was of a standard make in general use throughout the country and that it was new when it was installed. The evidence also showed without dispute that the city had no notice of the defect, if any, in the compressor at the time same was purchased and installed. The jury, in answer to special issues, found that the city furnished the plaintiff with a defective air compressor with which to work; that it was negligent in so doing, and that such negligence was the proximate cause of the plaintiff's injuries; that plaintiff had general control and charge of all the machinery used in connection with the operation of the water plant and was in charge of the operation of the compressor in question before and at the time of

the explosion; and that it was plaintiff's duty, as waterworks superintendent, to repair and keep the air compressor in a reasonably safe condition. The jury acquitted the defendant of all other acts of negligence charged in the petition and acquitted the plaintiff of all alleged acts of contributory negligence and found that he did not assume the risk incident to the use of the air compressor.

We have reviewed the record very carefully and have reached the conclusion that plaintiff cannot recover. As above stated, the air compressor was of a standard make that was in general use throughout the country and was new when installed. It is apparent, therefore, that the city, in selecting this particular kind of air compressor, did what the ordinarily prudent person does under the same circumstances, and as a consequence was not guilty of negligence in selecting the kind of air compressor to be used. As shown by the undisputed evidence, and as found by the jury, the plaintiff was an expert waterworks superintendent and was in general charge of all of the machinery used in operating the city's water plant, including this particular air compressor, and it was his duty to keep same in repair and in a reasonably safe condition. The evidence does not show definitely whether the compressor was defective when first installed or whether it became so shortly thereafter, but the result is all the same. Admittedly, the city had no actual notice of any defect at the time the compressor was purchased and installed. Plaintiff used the compressor for approximately fifteen months and was fully informed as to the manner in which it was operating, and while he informed the city officials that the machine was not working well, he never objected to using it and never informed the city that it was dangerous nor recommended that its use be discontinued. He testified that he knew more about the compressor than any of the city officials, but that he did not know that there was any danger of the compressor exploding; that the city officials were looking to him to operate the compressor, and that they always supplied him with new valves and all other extras requested by him for repairing the compressor. From the above facts, we think it necessarily appears that plaintiff was the agent of the city, charged with the responsibility of inspecting the compressor and discovering its defects and of determining whether or not its use should

be discontinued; and if there was any failure on the part of the city to properly inspect, the blame therefor rested on him, and if, after discovering the defect, the use of the machine should have been discontinued, he alone is to blame for his failure to so recommend. In other words, if he, who was charged with the responsibility of making inspection, failed to do so properly, or if, after having discovered the defect wrongfully continued to use the machine, he, in effect, advised the city to continue to use the machine in its defective condition and is alone responsible for the consequences. 39 C.J. 855; City of Teague v. Radford (Tex.Com.App.) 63 S.W.(2d) 376, par. 4.

The judgment of the trial court is reversed, and judgment is here rendered for the defendant.