**KANE BOILER WORKS, Inc. v.
WOOD et al.
No. 12207.**

Court of Civil Appeals of Texas. Galveston.
July 27, 1950.

Rehearing Denied Oct. 5, 1950.

Bleecker L. Morse, Wigley, McLeod, Mills & Shirley and Preston Shirley, of Galveston, for appellant.

Williams & Thornton and Bryan F. Williams, of Galveston, for appellee Mrs. Bertha Wood.

Armstrong, Barker, Bedford & Lambdin, Griffith D. Lambdin, and Marsene Johnson, Jr., of Galveston, for appellee Liberty Mut. Ins. Co.

MONTEITH, Chief Justice.

Appellee, Mrs. Bertha Wood, the surviving widow of Ralph Wood, deceased, brought this action for the recovery of damages alleged to have been sustained by her as a result of the negligence of appellant, Kane Boiler Works, Inc., in submitting to Ralph Wood for inspection pipe alleged to have been defective and a defective machine with which to test it, which resulted in his death. Intervenor, Liberty Mutual Insurance Company, who had carried compensation insurance for Ralph Wood's employer, sought recovery of the benefits it had paid Mrs. Wood for the death of her husband.

In answer to special issues submitted, a jury found, in substance, that the rupture in the pipe which caused Ralph Wood's death occurred at a seam on the pipe, which appellant had negligently failed to properly weld, and in the manner in which it had removed a portion of the seam in the pipe in which a leak had been found on a first test, and that such acts of negligence were proximate causes of Ralph Wood's death. They found that appellant had not been negligent in the manner in which the final weld had been applied to the pipe at the time of its rupture. Ralph Wood was absolved from any act of contributory negligence. Based upon the jury's findings, judgment was rendered in favor of appellee in the sum of $32,289.52 and in favor of Liberty Mutual Insurance Company in the sum of $8,524.40.

Appellant assigns error in the trial court's action in overruling its motion for a mistrial and in refusing to enter judgment in its favor for the alleged reason that, under the undisputed evidence, the deceased was on appellant's premises for the sole purpose of inspecting pipe and the welds thereon for flaws and defects and that, while the jury found appellant guilty of negligence in submitting to the deceased pipe which had been defectively welded and in the chipping out of the defective welds, these acts were preparatory only to the final repair of the weld which was being inspected by Ralph Wood and that it is undisputed in the record that the cause of Ralph Wood's death was a defect in the repair of a weld which the deceased had been employed as an inspector to find. Appellant relies on the proposition that since the deceased was employed for the sole purpose of inspecting pipe for flaws and defects, and was on the premises for that purpose alone, no recovery may be had for an injury to him or his death if it was caused by the defects he was employed to inspect.

In her trial pleading, appellee alleged that Pittsburgh Testing Laboratories of Texas had been engaged by Lone Star Gas Company to examine and inspect pipe being made for it by appellant on its premises in Galveston, Texas; that, at the time of his death, the deceased, Ralph Wood, had been employed by Pittsburgh Testing Laboratories "as an inspector" of said pipe and had been assigned by his employer to appellant's plant in Galveston to make such inspections; and that, while so engaged in the course of his employment on appellant's premises in testing a section of pipe for leaks or defects, a portion of the weld on the seam of the pipe had given away and the water with which the pipe was being tested

erupted therefrom and caused bodily injuries to Ralph Wood, from which he died.

Appellant had been employed by Lone Star Gas Company to fabricate pipe of such specifications as to permit a hydrostatic test of 1,000 pounds per square inch and be free from injurious and defective welds and flaws. It was agreed that the repairing of leaks in the weld of the pipe would be permitted, subject to the approval of purchaser's inspector, after chipping the pipe to clean metal.

Lone Star Gas Company employed the Pittsburgh Testing Laboratories to inspect the pipe purchased and to report on all phases of its fabrication and welding, and Ralph Wood was employed by Pittsburgh Testing Laboratories to inspect and test the pipe which was located on appellant's premises. The general method of procedure followed by the inspectors in testing the pipe was to first apply water pressure to each 15-foot section of the pipe. If no leaks were found the pipe was accepted, but if leaks were found, the pressure was released and the inspector had the pipe chipped out at the place of the defect and re-welded. The pipe was then retested and accepted if no leak was found.

At the time of the accident the deceased had found a leak in the seam of a section of pipe being inspected by him and had had the defect chipped out and re-welded. He was present at the time the defect was chipped out of the pipe and re-welded and approved the re-welding after it was finished. After his approval of the re-weld, the pipe was filled with water and when the hydrostatic pressure reached 990 pounds it burst, resulting in Ralph Wood's death.

█ The decisions by the courts of this State and those of other jurisdictions are unanimous in holding that a person who has been employed as an inspector to detect flaws or defects in machinery or appliances cannot recover for death or injury to the inspector caused by the very thing or article he was employed to inspect.

In 29 Tex. Jur., page 225, the general rule as to liability for injury or death of a person employed as an inspector is stated to be: "Sec. 130. Inspectors and Those Working on Out-Of-Order Appliances.—Liability for injury suffered does not ordinarily attach to the employer where the injured employee was an inspector, or a repairer of appliances, or one who undertook the hauling of out-of-order cars to the repair shop. Someone must inspect to discover defects, and it would be paradoxical to allow an inspector to recover for injury from a defect as to which risk he should be at all times on his guard. The Safety Appliance Acts which forbid the hauling of cars which are not equipped as prescribed do not impose liability on the employer in such cases. Those who undertake the duties of inspection assume the risk of encountering a defect, and the danger is an ordinary incident of their employment. Besides, an inspector is charged with notice that any appliance that he is examining may be a source of danger, and by the putting aside and the marking of the appliance as being out of order, one employed to work on it is given express notice that he must look out for defects."

In the case of City of Timpson v. Powers, Tex.Civ.App., 119 S.W.2d 145, 147, by the Beaumont Court of Civil Appeals, it is said: "* * * Our courts have denied recovery for injuries received by an inspector or repair man who was injured through defective machinery which he was employed to inspect for defects or to repair. * * * *"

In the case of Thomas v. Missouri Pac. R. Co., Tex.Civ.App., 289 S.W. 448, 449, suit was brought by an inspector of railroad cars who was injured by a defect in one of the cars. In reversing the judgment of the trial court in favor of the plaintiff, the reviewing court said: "* * Conceding that the appliances for holding the door in position were defective, and that the falling of the door was due to that fact alone, the facts bring the appellant within the rule which denies liability of the master for injuries to servants which result from conditions which it is the duty

of the servant to look for and report or repair. * * *."

In the case of Kansas City, M. & O. Ry. Co. of Texas v. Wood, Tex.Civ.App., 262 S.W. 520, 524, suit was brought by a car inspector for injuries arising out of a defective car he had been employed to inspect. In reversing a judgment for plaintiff, the appellate court said:

"* * * it is well settled that employes whose duty it is to inspect and repair necessarily cannot be placed in the same category with other employes whose duties are to use the instrumentalities, machinery, or equipment after same have been inspected and repaired. The reason therefor is well stated in Dartmouth Spinning Co. v. Achord, 84 Ga. 14, 10 S.E. 449, 6 L.R.A. 190, in the following concise language:

"'While it is the duty of a master to furnish his servant with safe machinery for use, he is under no duty to furnish his machinist with safe machinery to be repaired, or to keep it safe while repairs are in progress. Precisely because it is unsafe for use, repairs are often necessary. The physician might as well insist on having a well patient to be treated and cured, as the machinist to have sound and safe machinery to be repaired. The plaintiff was called to this machinery as infirm, not as whole. An important part of his business was to diagnose the case, and discover what was the matter. If he failed in this branch of his profession, it was either his fault or his misfortune. So far as appears, no one knew more of the state and condition of the machinery at the time than he did; and the object of calling him in the room was that he might ascertain the cause of the trouble, and apply the remedy. Unfortunately, he exposed himself before becoming fully aware of the extent to which the melting of the babbit had gone; and it was the want of that information, and not the negligence or incompetency of any one connected with the establishment, which brought about the injury. The incompetency and inattention of the others gave him more to do in his vocation,

somewhat as a sickly climate favors a physician's practice.'"

In the case of Magnolia Petroleum Co. v. Ray, Tex.Civ.App., 187 S.W. 1085, under a similar state of facts, it was held that the general rule which requires the master to exercise ordinary care to furnish the servant with a reasonably safe place to work has no application to that character of employment under such circumstances.

In the case of City of Teague v. Radford, Tex.Com.App., 63 S.W.2d 376, 377, the Supreme Court in its opinion said:

"It is the settled law that an employee or servant cannot recover for damages or injuries which arise from defects in a thing, for the safe condition of which such employee is himself responsible. * * *

"It is further the rule that an employee assumes the risk of injury by machinery or mechanical devices which he is employed to repair or keep in a safe condition or which it is his duty to repair or keep in a safe condition in the course of his employment." (Citing authorities.)

The decisions from other jurisdictions dealing with the above-announced rule follow substantially the line of reasoning adopted by the courts of this State.

The Supreme Court of the State of Missouri has announced the rule that an employee of a telephone company had no right to assume that his employer had previously and properly inspected the line, for, if it had, it would have known of the defects, and have directed him that the defects existed, and what should be repaired. Roberts v. Missouri & K. Tel. Co., 166 Mo. 370, 66 S.W. 155.

The Supreme Court of the State of Minnesota, in the case of Broderick v. St. Paul City Ry. Co., 74 Minn. 163, 77 N.W. 28, held that, "As a general rule, a servant cannot recover for injury caused by the very defect which he was employed to repair. * * *"

The same rule was announced by the Supreme Court of Iowa in the case of

Wahlquist v. Maple Grove Coal & Mining Co., 116 Iowa 720, 89 N.W. 98.

In the case of Gaines v. Grand Trunk Ry. Co. of Canada, 193 Mich. 398, 159 N.W. 542, the Supreme Court of Michigan held that defendant's liability is qualified by the nature of plaintiff's employment, and that the recognized general rule as to that class of employment is that workmen engaged to diagnose, repair, and make safe a tool, piece of machinery, appliance, or place to work, which is defective, out of repair, or dangerous, assume the added risk incident to the existing condition of the work or place.

The Supreme Court of Massachusetts, in the case of Ashton v. Boston & M. R. Co., 222 Mass. 65, 109 N.E. 820, L.R.A. 1916B, 1281, held that a party cannot recover because of the defective condition of the insulator when the duties of his employment required the employee to remedy such defect by making the necessary repairs.

Under the undisputed evidence in the instant case, the deceased, Ralph Wood, was on appellant's premises for the sole and only purpose of inspecting pipe for flaws and defects. He was killed by reason of a defect in the weld of a section of pipe which he had discovered and had chipped out and re-welded. It is undisputed that the re-welding of the pipe after the flaw in the weld had been chipped out was done under his personal supervision.

Under the authorities above cited, appellee, the surviving wife of Ralph Wood, cannot recover for his death, which resulted from a flaw or defect in pipe, the existence of which it was his duty to detect.

Appellees rely upon decisions by the Supreme Court of this State in the cases of Smith et al. v. Henger, Tex.Sup., 226 S.W.2d 425 and McAffee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442, and on the cases of Sun Oil Co. v. Kneten, 5 Cir., 164 F.2d 806 and Amacker

v. Skelly Oil Co., 5 Cir., 132 F.2d 431, 433, by the Circuit Court of Appeals, in support of the contention of appellee Mrs. Bertha Wood that, under the facts in this case, appellant is liable for her husband's death. We have carefully considered the authorities cited and relied upon by appellee. While the cases cited announce the general rule that it is the duty of the owner or occupant of premises to use reasonable care to maintain and keep the premises safe for the use of persons invited to use them for business purposes, including the employees of contractors performing work on the premises, none of the cases involve injuries to or the death of inspectors who had been employed to inspect and find defects in the things they had been employed to inspect.

The cases of Hodges v. Nix, Tex.Civ.App., 225 S.W.2d 576, and Burton Co. v. Stasny, Tex.Civ.App., 223 S.W.2d 310, writ of error refused, decided by this court, held that the duty to keep premises safe for invitees applies only to defects in conditions which are in the nature of hidden dangers, which would not be observed by him in the exercise of ordinary care.

■ Applying the facts in this case to the authorities above cited, appellant was not liable for the injuries which resulted in the death of Ralph Wood, which, under the record, was the result of conditions which it was his duty to look for and repair.

While appellant has presented other points of appeal in its brief, as we view the record, its assignment that no recovery may be had for injuries to or death of an inspector which arose out of the flaws and defects in the articles he had been employed to find, raises the controlling question in the appeal and renders the remaining assignments immaterial.

It follows that the judgment of the trial court must be reversed and that judgment be here rendered in favor of appellant.